[S. F. No. 12362.  Department Two.—April 13, 1928.]

LARS B. GRAVEM, Appellant, v. NICHOLAS L. B.
GRAVEM et al., Respondents.

Sherman & Peters for Appellant.

Clarence A. Shuey, Pillsbury, Madison & Sutro, J. R.
Pringle and Oliver Dibble for Respondents.

SHENK, J.—Prior to October 20, 1920, the plaintiff was
a partner to the extent of a one-eighth interest in the part-
nership of Otis, McAllister & Co. The other partners, to
wit, the defendants Otis and Bee, desired the plaintiff to re-
tire from the partnership, to which the plaintiff consented.
To that end the plaintiff entered into an assignment and
retirement agreement with the defendants under date of

October 20, 1920, wherein and whereby the plaintiff assigned his interest in the partnership assets to his brother, the defendant Nicholas L. B. Gravem, and the latter assumed the position of his brother as partner in the firm. This agreement recited the existence of the former partnership contract between the plaintiff and the defendants Otis and Bee, and that the plaintiff desired to assign to his brother "all his rights and privileges as contained in said agreement, said Otis and Bee consenting thereto, as herein provided." It was then provided that the plaintiff "may, and does hereby, assign unto Nicholas L. B. Gravem all his rights and privileges in and to the above mentioned agreement. . . . The parties hereto do and each of them does further covenant and agree that the above transfer of interest shall be subject to the following provision, to wit: Following the termination of the year 1920 the partnership books of Otis, McAllister & Co. shall be closed and in due course and by partnership determination in the manner pursued in previous years the profits and losses for the year 1920 determined. If as a result of such determination it shall appear that the partnership business has been conducted at a profit, the one-eighth part of said profits that would have been paid to said Lars Gravem by virtue of paragraph three of said agreement had said Lars Gravem not made this assignment, shall be paid to the said Nicholas L. B. Gravem in the manner and as and when the partnership profits for the year 1920 are paid to the other members of the partnership and those entitled to share in the partnership profits of Otis, McAllister & Company. . . ."

The foregoing agreement was signed by the plaintiff and all of the defendants individually and by Otis and Bee on account of the partnership.

Three counts are set forth in the complaint. The first count alleges the execution of the contract of October 20, 1920; that the said agreement was executed at the request of the defendants upon representations by and promises of the defendants and each of them that the books of the partnership would be closed as of December 31, 1920, in the usual manner and that the value of the assets, including the value of the accounts, accounts receivable, and the profits for the year 1920 be determined as of the thirty-first day of December, 1920, properly and accurately and in the

manner employed in previous years and that the plaintiff would receive from the defendant Nicholas L. B. Gravem immediately upon such determination the purchase price of said plaintiff's interest in the partnership, to wit, the sum of $37,500, and in addition should receive one-eighth of the profits of the partnershp for the year 1920, which profits are alleged to have been in excess of $500,000; that the defendants had failed and neglected to close the books of the partnership to determine the profits for the year 1920 as agreed, although demand had been made upon them so to do; that no part of the amounts due to the plaintiff has been paid except the sum of $37,500, representing the original interest of the plaintiff, and the further sum of $2,500 on account of profits; that the defendant Nicholas L. B. Gravem has failed to pay the one-eighth of the profits as agreed with the knowledge and at the instance of the other defendants.

The second cause of action, in addition to the allegations of the first count, averred that the defendants had entered into a conspiracy to prevent the plaintiff from obtaining the sum of $60,000 due him as his share of the profits. The third cause of action, also in addition to the allegations of the first count, set forth that the defendants and each of them had failed, refused, and neglected to make an accounting to the plaintiff as agreed and that the defendant Nich-. olas L. B. Gravem had failed, refused, and neglected to obtain an accounting from the partnership, in violation of his agreement with the plaintiff.

A general and special demurrer was interposed to the complaint and was overruled. The defendant answered separately, denying generally the allegations of the complaint and setting forth in haec verba the contract of October 20, 1920. No affidavit was filed denying the due execution of the contract. The cause came on regularly for trial, whereupon the plaintiff called the defendant Otis as his first witness under section 2055 of the Code of Civil Procedure. The defendants objected to the examination of the witness as to the condition of the affairs of the partnership during the year 1920 on the ground that under the agreement of October 20, 1920, on which all parties were relying, the plaintiff had assigned all of his interest in and to the assets and business of the partnership to his defend-

ant brother and had therefore parted with all of his interest therein. The court sustained the objection, ruled in effect that the plaintiff had not and could not state a cause of action under the contract, refused to permit the plaintiff to introduce any evidence in support of the allegations of his complaint, and granted a motion for judgment for the defendants made on the ground that there was no evidence in the record to support a judgment for the plaintiff. Counsel for the defendants expressly declined to make a motion for a nonsuit or for a judgment on the pleadings and made a motion for judgment for the defendants on the ground that "there is no evidence to support a judgment for the plaintiff" at the suggestion of the court that counsel for defendants "make a motion." The motion was granted, judgment was entered in favor of the defendants, and this appeal was taken.

The error of the trial court was in concluding that, under the contract of October 20, 1920, the plaintiff had made an unqualified assignment of all of his interest in the property and business of the partnership, including his right as a retiring partner to an accounting. An inspection of the contract discloses that such was not the case. On the contrary the plaintiff assigned his interest in the partnership upon the condition and with the qualification that an accounting be had in the usual manner at the end of the year 1920 and the profits to which he should be entitled be paid to the defendant brother. All of the defendants and the partnership itself agreed to this provisional assignment. It would seem to be quite immaterial that in this instance the profits to which the plaintiff might be entitled should be paid to the plaintiff's brother and that such agreement had been made between the brothers for a disposition of the fund. If the contract had provided that the plaintiff's share of the profits be paid to a bank or trust company or to any other stranger to the assignment and retirement agreement it would perhaps be clearer that the plaintiff retained a beneficial interest in the partnership profits for the year 1920. The fact that the profits were to be paid to the brother of the plaintiff would lead to no different result. The fair and we think the only reasonable intendment of the agreement was that the plaintiff was not relinquishing his interest in the profits for the year 1920,

but that after an accounting should be had the plaintiff's share should be paid to his brother who was his nominee in the transaction. We think the first cause of action as a pleading was sufficient to enable the plaintiff to offer evidence in support of the allegation thereof and that under section 2055 of the Code of Civil Procedure the plaintiff was entitled to call and examine the defendant Otis as an adverse witness.

After the ruling of the court on the effect of said contract the plaintiff requested permission to amend his complaint to the end that the plaintiff "would not be foreclosed from some remedy." This the court refused and such refusal is assigned as an abuse of discretion. In view of the fact that the plaintiff would seem to be entitled to all the relief which he seeks under the allegations of his first cause of action, it is deemed unnecessary to pass on this point.

The judgment is reversed.

Richards, J., and Langdon, J., concurred.

Hearing in Bank denied.

All the Justices concurred.